IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-14-385 |
| | * | Civil No. CCB-17-1054 |
| CHARLIE WILLIAMS | * | |
| | ****** | |

**MEMORANDUM**

The remaining issue in this case is whether the petitioner, Charlie Williams, should be allowed to file a direct appeal from the judgment entered following his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine. Williams entered his plea under Rule 11(c)(1)(C) after trial began. (ECF 198).[1] On April 15, 2016, he was sentenced to eight years' incarceration in accordance with his plea. (ECF 218).

Williams filed a motion to vacate under 28 U.S.C. § 2255 on April 17, 2017. (ECF 271). On November 16, 2017, all claims in the motion were dismissed other than the claim that, despite his waiver of appeal rights, he directed trial counsel to file an appeal and none was filed. (ECF 281, 282). New counsel was appointed and evidentiary hearings were held on that issue on June 15, 2018, and November 9, 2018. Supplemental briefing followed. (ECF 300, 301).

The record supports Williams's claim to the extent that it appears he called his trial counsel's office on May 2, 2016, a day after the 10-day period then in effect to file an appeal expired. *See* Fed. R. App. P. 4(b)(1)(A).[2] He left a message with counsel's secretary; the message indicated, "Urgent that he sees you." (Gov't Ex. 1, ECF 298; 11/9/18 Hr'g Tr. at 8:3–13, ECF 299). On May 4, 2016, Williams called again and the message indicates "appeal." (Gov't Ex. 2, ECF 298; 11/9/18 Hr'g Tr. at 9:10–17). Trial counsel believed, based on his notes,

---

[1] Citations to CM/ECF correspond to docket entries in Criminal No. CCB-14-385.
[2] The federal rules now prescribe a 14-day period.

that he would have told Williams immediately after the April 15, 2016, sentencing that he would not file an appeal unless Williams specifically directed him to. (6/15/18 Hr'g Tr. at 26:9–28:7, 31:4–19, ECF 295). Williams recalled that the secretary told him, when he called in May 2016, that it was too late to file an appeal. (*Id.* at 7:8–12). Trial counsel did not recall the specifics of any conversation with Williams in May 2016, (*id.* at 28:8–16), but the secretary did recall that when she spoke to Williams in May 2016, she did not give him any legal advice, (11/9/18 Hr'g Tr. at 11:11–17).

Considering all the testimony and the contemporaneous phone messages, it appears that Williams attempted to instruct his attorney to file an appeal after the 10-day deadline then in effect had passed, but within the 30-day time period to request permission to file a late appeal. *See* Fed. R. App. P. 4(b)(4); *United States v. Uratyan*, 564 F.3d 679, 685 (4th Cir. 2009). The record is unclear why no such request was made. Accordingly, recognizing the important significance given to the defendant's right to file a direct appeal, and an attorney's obligation to consult with their client about that right, even where an appeal has been waived, the court concludes that Williams should be granted the right to file a belated appeal. *See, e.g., United States v. Poindexter*, 492 F.3d 263, 267–69 (4th Cir. 2007).

A separate Order follows.

2/18/20
Date

Catherine C. Blake
United States District Judge